**FILED
CLERK**

7/10/2019 11:49 am

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NYBD VENTURE, INC.,

                         Petitioner,

      -against-

SWINTON BROWN, MARIA BROWN,
JOHN DOE, JANE DOE, 17 Santam Court,
Bay Shore, NY 11706,

                         Respondents.
------------------------------------------------------------X

**SUMMARY REMAND ORDER**
19-CV-3602 (JMA) (SIL)

**JOAN M. AZRACK, United States District Judge:**

      On June 19, 2019, Swinton Brown and Maria Brown ("Respondents"), acting pro se, filed a Notice of Removal seeking to remove this post-foreclosure hold-over tenant eviction proceeding (Index No. 19-LT-001197) following a mortgage foreclosure action from the Fifth District Court, Ronkonkoma L & T Part, County of Suffolk (the "State Court") to this Court.[1] Respondents paid the $400 filing fee and allege that this Court has removal jurisdiction under 28 U.S.C. §§ 1331, 1332, 1441, and 1446. For the reasons that follow, the Petition is summarily sua sponte remanded to the State Court.

**DISCUSSION**

      Pursuant to 28 U.S.C. § 1441(a), " . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). In addition, 28 U.S.C. § 1446 requires that a defendant removing an action to federal court must file "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and

---

[1] The underlying mortgage foreclosure action against Respondents was assigned New York State Court, Suffolk County, Index No. 011380/2010.

orders . . . ." 28 U.S.C. § 1446(a). "[S]tatutory procedures for removal are to be strictly construed," Syngenta Crop. Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002), and any doubts must be resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of the states . . . ." In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007) (quotations and citation omitted). "[T]he burden is on the removing party to prove that it has met the requirements for removal." Ulysse v. AAR Aircraft Component Servs., 841 F. Supp. 2d 659, 666 (E.D.N.Y. 2012) (quotations and citation omitted).

Federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700–01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court sua sponte. Id. "If subject matter jurisdiction is lacking, the action must be dismissed." Id. at 700–01; see also Fed. R. Civ. P. 12(h)(3). The party asserting jurisdiction bears the burden of proof. DiTolla v. Doral Dental IPA of N.Y., 469 F.3d 271, 275 (2d Cir. 2006). In order to properly invoke this Court's subject matter jurisdiction, the requirements of either 28 U.S.C. §§ 1331 or 1332 must be satisfied. Respondents cannot satisfy those requirements here.

Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. "A case aris[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689–90 (2006) (internal quotation marks and citations omitted).

2

Section 1332 provides that federal court subject matter jurisdiction may be established where there is a diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332. To establish diversity jurisdiction, there must be complete diversity of citizenship between the plaintiff and the defendants. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005). This means that plaintiff cannot be a citizen of the same state as any of the defendants. St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.").

As the "Petition to Recover Possession of Real Property Holdover Proceeding" (the "Petition") annexed to the Notice of Removal makes clear, the State Court case is a post-foreclosure eviction proceeding brought by NYBD Ventures, Inc. against Respondents, and all parties are alleged to have New York addresses. (See Pet., ECF No. 1, at 5.) Because the parties are all domiciled in New York, diversity of citizenship under Section 1332 is not satisfied.[2] Moreover, the Petition does not invoke any federal question or allege any claims arising under any federal statute, treaty, or the Constitution of the United States to establish federal question jurisdiction under Section 1331. (See Pet., generally.) Accordingly, the Petition does not invoke this Court's federal question or diversity subject matter jurisdiction under either Section 1331 or 1332.[3] See 28 U.S.C. §§ 1331, 1332.

In this absence of a proper basis to invoke this Court's subject matter jurisdiction, and so as to not further delay the State Court proceedings and the Respondents' eviction from the subject

---

[2] Although the Petition does not actually use the term "domicile", it is readily apparent that diversity of citizenship is not satisfied.

[3] Even if this Court had subject matter jurisdiction pursuant to Section 1331 or 1332, the Rooker-Feldman doctrine would divest this Court of subject matter jurisdiction. See Hachamovitch v. DeBuono, 159 F.3d 687, 693 (2d Cir. 1998) ("The Rooker-Feldman doctrine provides that the lower federal courts lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in the reversal or modification of a state court judgment.")

premises,[4] this action is summarily sua sponte remanded to State Court pursuant to 42 U.S.C. § 1447(c).

## CONCLUSION

For the foregoing reasons, the Court sua sponte summarily remands the Petition to State Court pursuant to 42 U.S.C. § 1447(c). The Clerk of the Court is directed to: (1) mail a copy of this order to all parties; (2) mail a certified copy of this order to the clerk of the Fifth District Court of the State of New York, Suffolk County, pursuant to 42 U.S.C. § 1447(c); and (3) close this case.

Although Respondents paid the Court's filing fee, should they seek leave to appeal this order in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any such appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated: July 10, 2019
Central Islip, New York

/s/ (JMA)
Joan M. Azrack
United States District Judge

---

[4] Given that the instant notice of removal was filed by Respondents on the eve of the hearing scheduled in State Court, such filing appears to be another frivolous attempt to further obstruct the eviction proceedings in State Court. The Court notes that Swinton Brown previously filed an unsuccessful challenge to the judgment of foreclosure in this Court (13-CV-3258), and the opinion and order dismissing his complaint was affirmed by the Second Circuit by Mandate dated July 8, 2014 (U.S.C.A. 14-1846). Moreover, as Justice Hudson noted in his State Court Order, dated February 11, 2019 (Index No. 11380/2010) (the "Feb. 2019 Order"), "Defendant has appeared before the [State] Court on multiple occasions over the nine (9) years that the instant foreclosure action has been active. The [State] Court has decided twelve (12) motion sequences, inclusive of the instant motion. By Order issued November 16, 2018, Defendant's request that the Title Deed be set aside pursuant to RPL § 392 was denied. By the terms of that November 16, 2018 Decision and Order Defendant exhausted any potential judicial remedies. The subject premises were sold on November 23, 2015. An Order has been issued to the Suffolk County Sheriff to remove Defendants Maria Brown and Swinton Brown from the premises." (Feb. 2019 Order, at 2.) Justice Hudson further indicated that "Defendant's instant motion is undertaken primarily to delay or prolong the resolution of the litigation and to harass or maliciously injure Plaintiff, Plaintiff's Counsel, and this Court." (Id. at 6.)

This Court does not condone, nor will it permit, Respondents to cause further delay of their eviction. Respondents are warned that further, frivolous attempts to obstruct the State Court eviction proceeding in Federal Court will not be tolerated. Should they continue this course of conduct, the Court may impose sanctions, including issuing a filing injunction upon notice, after granting Respondents an opportunity to be heard.